UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
WAYNE PUSEY, *pro se*,  :
 :
                       Plaintiff,  :
 :
                -against-  :
 :
ANDREW CUOMO, Attorney General, State of :
New York; CHARLES HYNES, District  :
Attorney of Kings County,  :
 :
                    Respondents.  :
------------------------------------------------------------ x

**SUMMARY ORDER**

10-CV-4343 (DLI)(LB)

**DORA L. IRIZARRY, U.S. District Judge:**

     Plaintiff Wayne Pusey filed this action *pro se* on October 8, 2010. The court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). However, issuance of a summons and service of the complaint are held in abeyance because, for the reasons discussed below, plaintiff is granted thirty (30) days from the date of this Order, *i.e.* by May 5, 2011, to file an amended complaint. For the convenience of plaintiff, and in light of his pro se status, instructions on how to amend a complaint are attached to this Order.

**I.    Standard of Review**

     In reviewing plaintiff's complaint, the court is mindful that, "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted). However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied

1

that the action: "(1) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Pursuant to FED. R. CIV. P. 8, in order to state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" so defendants have "fair notice of what the . . . claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). To satisfy this standard, a complaint must allege "enough facts to state a claim that is plausible on its face." *Id.* at 570. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) (internal citations and quotation marks omitted). "[R]ecitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to state a claim to relief pursuant to Fed. R. Civ. P. 8(a)(2). *Id.* at 1949.

## II. Discussion

Here, Plaintiff only states that several statutes "being enforced in Kings County [are] unconstitutional on [their] face." (*See* Complaint, Docket Entry No. 1.) He offers no facts or allegations to support his claims nor does he set forth what his injury is. Accordingly, the court must dismiss Plaintiff's claims as Defendant cannot respond meaningfully to the instant complaint. *See Twombly*, 550 U.S. at 555 (FED. R. CIV. P. 8 requires that the defendant be given " 'fair notice of what the . . . claim is and the ground upon which it rests' ") (quoting *Conley v. Gibson*, 555 U.S. 41, 47 (1957)).

**III. Conclusion**

Accordingly, in light of this court's duty to liberally construe *pro se* complaints, plaintiff is granted thirty (30) days from the date of this Order, *i.e.*, by May 5, 2011, to file an amended complaint. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Plaintiff is directed that his amended complaint must comply with FED. R. CIV. P. 8(a). Should Plaintiff elect to file an amended complaint, plaintiff is directed to set forth the factual allegations to support his claim against each named defendant and to state the relief that Plaintiff desires. Plaintiff is advised that any amended complaint he files will completely replace the original complaint. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order.

For the convenience of plaintiff, and in light of his *pro se* status, instructions on how to amend a complaint are attached to this Order. If plaintiff fails to amend his complaint by May 5, 2011, as directed by this Order, and/or the amended complaint fails to correct the deficiencies of the instant complaint or otherwise fails to satisfy pleading or jurisdictional requirements, the complaint will be dismissed. The issuance of a summons and service of the instant complaint are held in abeyance pending the filing of an amended complaint. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
April 5, 2011

/s/
DORA L. IRIZARRY
United States District Judge